**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Larry D. Brown, | No. CV-09-2625-PHX-GMS |
| Petitioner, | **ORDER** |
| vs. |  |
| Charles L. Ryan, *et al.* |  |
| Defendants. |  |

Pending before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner Larry D. Brown ("Mr. Brown" or "Petitioner'). (Dkt. #1.) On May 24, 2010, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R & R") in which he proposed that the Court deny the Petition with prejudice. (Dkt. # 13.) Mr. Brown filed Written Objections to the R & R on June 7, 2010 (Dkt. # 14); however, because these Objections are without merit, the Court accepts the R & R.

## BACKGROUND

Following a 2004 jury trial in Maricopa County Superior Court, Mr. Brown was convicted on one count of aggravated robbery (Count One) and two counts of theft of a credit card (Counts Two & Three). Pursuant to these convictions, the trial court sentenced Mr. Brown to twenty years' imprisonment on Count One, which was to run concurrently with a term of six years' imprisonment on Counts Two and Three. On appeal, Mr. Brown raised one issue: whether under Arizona law there was sufficient evidence to sustain his conviction

for aggravated robbery. After the Arizona Court of Appeals affirmed Mr. Brown's conviction, he filed a an unsuccessful petition for collateral review pursuant to Arizona Rule of Criminal Procedure 32. On December 17, 2009, Mr. Brown filed a Petition for Writ of Habeas Corpus. In his Petition, Mr. Brown raises three claims: (1) Petitioner was denied due process of law under the Fourteenth Amendment because the state court lacked sufficient evidence to prove aggravated robbery (Ground I); (2) Petitioner was denied his Fifth Amendment protection against double jeopardy (Ground II); and (3) Petitioner was denied his Fifth Amendment right to effective assistance of counsel (Ground III).

**STANDARD OF REVIEW**

Federal district courts "'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].'" *Carrillo-Lozano v. Stolc*, 669 F. Supp.2d 1074, 1076 (D. Ariz. 2009) (quoting 28 U.S.C. § 636(b)(1)); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While a district judge "must review the magistrate judge's findings and recommendations *de novo if objection is made*," *Schmidt v. Johnstone*, 263 F. Supp.2d 1219, 1226 (D. Ariz. 2003)), no such review is necessary when the parties do not raise specific objections. *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection"); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [R & R] to which objection is made."); *Carrillo-Lozano*, 669 F. Supp. at 1076 (same). When a petitioner raises a general objection to the R & R, rather than specific objections, the Court is relieved of any obligation to review it. *See, e.g.*, *Sullivan v. Schriro*, 2006 WL 1516005, *1 (D. Ariz. May 30, 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.") (citing *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

**DISCUSSION**

In his Written Objections, Mr. Brown essentially raises one argument: Judge Anderson erred when he concluded that 28 U.S.C. § 2254(b) bars Petitioner's sufficiency of

the evidence claim. Judge Anderson, however, did not err.[1]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant federal habeas relief on the merits of a claim which has been properly exhausted in the state courts. 28 U.S.C. § 2254(b). To properly exhaust a federal habeas claim, the petitioner must afford the state an opportunity to rule upon the merits of the claim by "fairly present[ing]" the claim to the state's highest court in a procedurally correct manner. *See, e.g.*, *Castille v. Peoples,* 489 U.S. 346, 351 (1989). Procedural default occurs when a petitioner has never presented the subject of a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and claim preclusion. *See Castille*, 489 U.S. at 351–52; *Tacho v. Martinez*, 862 F.2d 1376, 1378 (9th Cir. 1988). Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. *See, e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991); *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000).

In the event of a procedural default, federal habeas review of a claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley,* 541 U.S. 386, 393–94 (2004). "To demonstrate cause, a petitioner must show that some objective factor external to the defense impeded [petitioner's] efforts to raise the claim in state court." *Bonin v. Calderon*, 77 F.3d 1155, 1158 (9th Cir. 1996) (citations omitted), *cert. denied*, 516 U.S. 1143 (1996). "Prejudice is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1992) (internal quotation omitted). To prove a fundamental miscarriage of justice, petitioner must make a

---

[1] Mr. Brown does not raise any specific objections to the R &R's conclusion that his other habeas claims fail as a matter of law (*see* Dkt. # 14). The Court, therefore, need not conduct any further review of Mr. Brown's Grounds II and III. *See Thomas*, 474 U.S. at 149 (holding that district courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection"). Nonetheless, the Court has reviewed the R & R with respect to Grounds II and III and finds Judge Anderson's recommendations to be well-taken.

factual showing of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 322–23 (1995).

As set forth in the R & R, Mr. Brown's due process claim based on the sufficiency of the evidence at trial is barred under 28 U.S.C. § 2254(b). Although Mr. Brown raised a similar claim in state court based on Arizona law, this is insufficient for exhaustion purposes. When Mr. Brown raised his state-law claim, he "'did not refer to the Due Process Clause of the United States Constitution'" and "'cited [neither] the Fourteenth Amendment nor any other constitutional violation predicated [thereon].'" *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001) (quotation omitted). While the claims have been similar, mere similarity between a claim of state and federal error is insufficient to establish exhaustion. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

In his Written Objections, Mr. Brown appears to contend that his failure to exhaust this claim should be excused because his appellate attorney rendered inefficient assistance of counsel. (*See* Dkt. # 14 at 2.) But, while an error by defense counsel may excuse a procedural default, this is only true when counsel's performance is constitutionally ineffective under the Supreme Court's standard laid out in *Strickland v. Washington*, 466 U.S. 558 (1984). *See Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008). To establish that trial counsel was ineffective under *Strickland*, a petitioner must show: (1) that counsel's performance was deficient; and (2) that counsel's performance prejudiced the petitioner's case. *Strickland*, 466 U.S. at 692.

In this case, however, Mr. Brown does not demonstrate a violation of *Strickland* based on his appellate attorney's failure to raise a federal claim based on the sufficiency of the evidence. There simply was no prejudice to Mr. Brown because his claim regarding the sufficiency of the evidence is without merit. *See Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (holding that counsel's failure to raise a meritless argument does not constitute ineffective assistance) (citing *Cooper v. Fitzharris*, 551 F.2d 1162, 1166 (9th Cir. 1977)). Although Mr. Brown's conviction and sentence for aggravated robbery required evidence that he was actually aided by an accomplice who intended to facilitate the crime, *see* Ariz. Rev. Stat. § 13-301, the prosecution introduced sufficient evidence to support the jury's

- 4 -

1 determination that Mr. Brown acted with the assistance of the requisite accomplice. Mr. Brown asserts that the prosecution failed to present evidence of an accomplice because the testimony at trial merely demonstrated the presence of children when Mr. Brown committed the offense. The testimony at trial, however, provided that Mr. Brown attacked a victim, stole the victim's wallet, and then handed it to one of the children. (Dkt. # 8, Ex. I at 6.) When Petitioner was subsequently apprehended, two of the victim's credit cards, apparently taken from the wallet, were found in Mr. Brown's possession. Because the jury could have found that Mr. Brown gave the child the wallet, that the child *intentionally* took the wallet, and that the child later met up with Mr. Brown to give him the victim's credit cards, there was sufficient evidence to support Mr. Brown's conviction. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding that there is sufficient evidence to support a conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trial of fact could have found the essential elements of the crime beyond a reasonable doubt"). Counsel's failure to raise this argument, therefore, cannot excuse Mr. Brown's procedural default of his claims.

**IT IS THEREFORE ORDERED**

1. Judge Anderson's R & R (Dkt. # 13) is **ACCEPTED**.

2. Mr. Brown's Petition for Writ of Habeas Corpus (Dkt. # 1) is **DENIED** with prejudice.

3. A certificate of appealability is **DENIED** because Mr. Brown has not made a substantial showing of the denial of a constitutional right.

4. The Clerk of Court is directed to **TERMINATE** this action.

DATED this 16th Day of June 2010.

_____
G. Murray Snow
United States District Judge